USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/8/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LABORATORIOS RIVAS, SRL,

                               Plaintiff,

       -v-

UGLY & BEAUTY, INC., et al.,

                              Defendants.
-----------------------------------------------------------X

No. 11 Civ. 5980 (RA)(JLC)

ORDER

RONNIE ABRAMS, United States District Judge:

    On August 25, 2011, Plaintiff Laboratorios Rivas, SRL, filed this trademark action against multiple defendants, all of whom have since settled or been dismissed on consent, with the exception of defendant Juan U. Vargas, who has not appeared, answered, or otherwise responded to the complaint. On March 14, 2013, Plaintiff filed a motion for default judgment against Vargas and filed proof of service on April 12, 2013.

    United States Magistrate Judge James L. Cott issued a Report and Recommendation ("Report") on November 12, 2013, recommending that the Court grant Plaintiff's motion with certain modifications. As noted by Judge Cott in his Report and pursuant to 28 U.S.C. § 636(b)(1) and Rules 72(b) of the Federal Rules of Civil Procedure, the parties had fourteen (14) days from service of the Report in which to file objections. No party has filed objections to the Report, and the time to do so has expired.

    In reviewing a report and recommendation, a district court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When no objections to a report and recommendation are made, the Court may adopt it if there is no clear error on the face of the record. Adee Motor Cars, LLC v. Amato, 388 F.Supp. 2d 250, 253 (S.D.N.Y. 2005); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y.

2000).

Having reviewed the record, and finding no clear error, the Court adopts Judge Cott's thorough and well-reasoned Report in its entirety. Accordingly, it is hereby:

ORDERED that Plaintiff is awarded $40,000 in statutory damages and $4,157.48 in fees and costs, for a total of $44,157.48. It is further:

ORDERED that Vargas, his agents, and any persons in active concert or participation with him are permanently enjoined from:

(a) Using products bearing Plaintiff's Silicon Mix and Avanti trademarks ("Trademarks"), Registration Numbers 3459453 and 3695992, registered on the Principal Register on July 1, 2008 and October 13, 2009, respectively;

(b) Possessing, receiving, manufacturing, assembling, distributing, warehousing, shipping, transshipping, transferring, storing, advertising, promoting, offering, selling, or holding for sale, disposing, or in any other manner handling or dealing with any goods, packaging, wrappers, containers and receptacles, and any catalogues, price lists, promotional materials and the like bearing a copy of colorable imitation of the Trademarks and/or trade dress;

(c) Infringing the Trademarks and/or the trade dress;

(d) Otherwise unfairly competing with Plaintiff;

(e) Using any reproduction, counterfeit, copy or colorable imitation of the Trademarks and/or trade dress in connection with publicity, promotion, sale or advertising of goods sold by Vargas, including without limitation, health and beauty products bearing a colorable imitation of the Trademarks and/or trade dress;

(f) Affixing, applying, annexing or using in connection with the same any goods, false description or any representation, including words or other symbols, falsely

describing or falsely representing such goods as being those of Plaintiff and from offering such goods in commerce;

(g) Using any trademark, trade name or trade dress in connection with the manufacture, sale or distribution of any goods which may be calculated to falsely represent such goods as being connected with, approved by or sponsored by Plaintiff;

(h) Destroying, altering, disposing of, moving, removing, concealing, tampering with or in any manner secreting any and all business records, invoices, correspondence, books of account, receipts or any other documents or things relating or referring in any manner to the manufacture, advertising, receiving acquisition, importation, purchase, sale or offer for sale, distribution, warehousing or transfer of any merchandise bearing Plaintiff's Trademarks and/or trade dress;

(i) Taking any action that may defeat, or may have the effect of defeating Plaintiff's ability to recover and recoup its damages and attorneys' fees from him, including, but not limited to, transferring any moneys from his current bank account to other accounts in order to secret assets, and from disposing of any assets in order to reduce the ability to satisfy the judgment, until such time as the judgment against him has been satisfied; and

(j) Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (i) above.

The Clerk of Court is respectfully requested to close the motion at docket number 68.

SO ORDERED.

Dated:   January 8, 2014
         New York, New York

_____
Ronnie Abrams
United States District Judge